IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ISHMAEL MIZRAHI**, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> **W. J. SULLIVAN, Warden,** ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | 1:06-CV-01699-AWI WMW HC <br><br> **FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Based on this review, the court has determined that it plainly appears from the petition that Petitioner is not entitled to relief in the district court. The court therefore concludes that this case must be dismissed.

In his petition, Petitioner challenges the action of Immigration and Customs

Enforcement in lodging a detainer against him. However, in Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994), *superceded by statute on other grounds*, the Court of Appeals for the Ninth Circuit concluded that "the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available." See Campos v. Immigration and Naturalization Service, 62 F.3d 311, 314 (9th Cir. 1995)(relying on Garcia to dismiss federal prisoner's habeas corpus petition seeking to obtain expedited deportation hearing ).

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction and that judgment be entered for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 19, 2007**              **/s/  William M. Wunderlich**
mmkd34                                     UNITED STATES MAGISTRATE JUDGE

2